MOORE, Judge,
dissenting.
Because I conclude that the appeal filed by Kevin Stober (“the former husband”) was timely filed, I respectfully dissent.
On October 22, 2009, the trial court entered a judgment finding the former husband in contempt and ordering him to pay one-half of the amount Kimberly Brimer (“the former wife”) had expended toward the college expenses of the parties’ child. On November 17, 2009, the former husband timely filed a postjudgment motion, pursuant to Rule 59, Ala. R. Civ. P., seeking a new trial. On February 11, 2010, during the 90-day period following the filing of the former husband’s postjudgment motion, the trial court made a handwritten notation on the case-action-summary sheet setting the cause for a “final hearing” on February 23, 2010.
On February 23, 2010, at the beginning of that final hearing, the trial court stated that its previous judgment was set aside and “we’re back to square one.” The trial court then proceeded to conduct a new trial to determine whether the former husband should be held in contempt for his failure to pay one-half of the child’s college expenses; ore tenus evidence was received at that hearing. On June 17, 2011, after testimony had been continued over several days, the trial court entered a final judgment again finding the former husband in contempt and ordering him to pay certain amounts toward the child’s college expenses. The former husband timely filed a postjudgment motion, which the trial court denied on August 10, 2011. The former husband then filed his notice of appeal within 42 days of that denial.
I conclude that the trial court implicitly granted the former husband’s November 2009 postjudgment motion within the 90-day period allowed by Rule 59.1, Ala. R. Civ. P. The trial court granted that motion as evidenced by its February 11, 2010, handwritten notation on the case-action-summary sheet setting the matter for a final hearing. The trial court’s own comments at the beginning of the February 23, 2010, hearing further support that interpretation. Pursuant to Rule 59.1, Ala. R. Civ. P., the rendering of an order on a postjudgment motion before the expiration of the 90th day prevents the automatic denial of that motion by operation of law, although the order must still be entered in accordance with Rule 58, Ala. R. Civ. P., for purposes of calculating the time for taking an appeal pursuant to Rule 4, Ala. R.App. P. See Committee Comments to Amendment to Rule 59.1, Effective October 24, 2008. Because I conclude that the trial court timely granted the former husband’s November 2009 postjudgment motion, I respectfully dissent from the dismissal of the former husband’s appeal.